**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

| | | |
|---|---|---|
| Case No. | **CV 25-7300-JFW(JCx)** | Date: October 7, 2025 |
| Title: | Crystal Fortune *-v-* General Motors, LLC, et al. | |

**PRESENT:**

       **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| **Shannon Reilly** | **None Present** |
| **Courtroom Deputy** | **Court Reporter** |

| | |
|---|---|
| **ATTORNEYS PRESENT FOR PLAINTIFFS:** | **ATTORNEYS PRESENT FOR DEFENDANTS:** |
| None | None |

**PROCEEDINGS (IN CHAMBERS):**    **ORDER DENYING PLAINTIFF'S MOTION TO REMAND [filed 9/12/2025; Docket No. 22]**

      On September 12, 2025, Plaintiff Crystal Fortune ("Plaintiff") filed a Motion to Remand. On September 29, 2025, Defendant General Motors LLC ("Defendant") filed its Opposition. On October 6, 2025, Plaintiff filed a Reply. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for October 20, 2025 is hereby vacated and the matter taken off calendar. After considering the moving, opposing, and reply papers, and the arguments therein, the Court rules as follows:

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

      On March 27, 2025, Plaintiff filed a Complaint against Defendant in Los Angeles County Superior Court. Plaintiff alleges that, on November 11, 2020, she purchased a 2020 Chevrolet Traverse (the "Vehicle"), manufactured and/or distributed by Defendant. She claims that the Vehicle had exhaust system defects covered by Defendant's express warranties and that Defendant (or its authorized service and repair facility) failed to repair the vehicle after a reasonable number of attempts, and failed promptly replace the vehicle or provide restitution to Plaintiff. Plaintiff alleges claims arising under the California Song-Beverly Consumer Warranty Act, Cal. Civ. Code §§ 1790, *et seq.*, and the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.* Plaintiff seeks, *inter alia*, restitution; consequential and incidental damages; a civil penalty up to two times the amount of actual damages; and reasonable attorneys' fees. Plaintiff, however, does not expressly allege the purchase price of the Vehicle, the amount of damages sought, or the amount in controversy in the Complaint.

      Defendant was served with the Summons and Complaint on April 2, 2025, and, on May 16,

2025, Defendant filed its Answer. On August 7, 2025, after conducting a preliminary investigation and determining that the amount in controversy exceeded $75,000, Defendant removed the action to this Court, alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

Plaintiff moves to remand on the grounds that Defendant's removal of the action was untimely.

## II.     LEGAL STANDARD

A motion to remand is the proper procedure for challenging removal. *See N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir.1995). The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992); *see also Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir.1999). Consequently, if a plaintiff challenges the defendant's removal of a case, the defendant bears the burden of establishing the propriety of the removal. *See Gaus*, 980 F.2d at 566; *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir.1996) (citations and quotations omitted) ("Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986). Generally, a defendant may remove a civil action filed in state court to federal court if the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). In her moving papers, Plaintiff does not dispute this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a), i.e., that (1) all plaintiffs are of different citizenship than all defendants, and (2) the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). She also does not dispute that this Court has federal question jurisdiction over this action under the Magnuson-Moss Warranty Act, which requires that the amount in controversy exceed $50,000.[1]

---

[1] For the first time in her Reply, Plaintiff argues that Defendant has failed to meet its burden of demonstrating by a preponderance of the evidence that the amount in controversy exceeds $75,000 for diversity jurisdiction (or $50,000 for jurisdiction pursuant to the Magnuson-Moss Warranty Act). This argument appears to run directly contrary to her argument that it was clear from the face of her Complaint that the amount in controversy exceeded the jurisdictional threshold. *See*, e.g., Motion at 6 ("Although Plaintiff's state court complaint does not allege a specific dollar amount in controversy, it is impossible to believe that Defendant could not ascertain the amount in controversy exceeded $50,000.00 based on the face of the complaint alone."). The Court will not address an argument raised for the first time in a Reply. In any event, the Court notes that Defendant was not required to demonstrate by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold in its Notice of Removal or in its Opposition to a motion to remand that did not contest that the amount in controversy was satisfied. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation.")

*See* 15 U.S.C. § 2310(d)(3)(B).

However, to remove an action from state to federal court, a defendant must also comply with the procedural requirements for removal.  Pursuant to 28 U.S.C. § 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such an action or proceeding is based . . . ." 28 U.S.C. § 1446(b)(1). "[I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).  A defendant may also remove outside these two thirty-day periods "on the basis of its own information, provided that it has not run afoul of either of the thirty-day deadlines." *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013).

Although "the statutory time limit for removal petitions is merely a formal and modal requirement and is not jurisdictional," it "is mandatory and a timely objection to a late petition will defeat removal." *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980).

### III.     DISCUSSION

Plaintiff contends that Defendant's removal of this action was untimely, because Defendant could have easily ascertained that the amount in controversy exceeded $50,000 (for the Magnuson Moss Warranty Act claim) or $75,000 (for diversity jurisdiction) from the face of Plaintiff's Complaint. While Defendant could have made a plausible extrapolation that the amount in controversy exceeded $50,000 (or $75,000) based on Plaintiff's allegations in the Complaint, the Court concludes that Defendant was not required to do so.

Indeed, in *Harris v. Bankers Life & Casualty Co.*, the Ninth Circuit determined that in cases where "it is unclear from the complaint whether the case is removable," a defendant does not have the duty to investigate – either its own records or otherwise – a basis for removal, and, thus, the thirty-day removal clock in those cases is not triggered by service of the summons and complaint on the defendant.  *Harris v. Bankers Life & Casualty Co.,* 425 F.3d 689, 692-93 (9th Cir. 2005) (holding that "a bright-line approach" served the jurisdictional and procedural interests of bringing certainty and predictability to the process, avoiding gamesmanship in pleading, and "avoid[ing] the spectre of inevitable collateral litigation over whether the pleadings contained a sufficient 'clue,' whether defendant had subjective knowledge, or whether defendant conducted sufficient inquiry."). Instead, the Ninth Circuit held that "notice of removability under § 1446(b) is determined through the four corners of the applicable pleadings." *Id.* at 694.  Therefore, "[i]f no ground for removal is evident in [the initial] pleading, the case is 'not removable' at that stage." *Id*.  More recently, in *Kuxhausen v. BMW Financial Services NA LLC*, 707 F.3d 1136 (9th Cir. 2013), the Ninth Circuit reiterated that, although defendants must "apply a reasonable amount of intelligence in ascertaining removability," defendants "need not make extrapolations or engage in guesswork."

707 F.3 at 1141 (cleaned up).

In this case, Plaintiff's Complaint does not allege a specific amount in controversy, nor does it allege specific facts that would allow Defendant to make simple calculations to ascertain the amount in controversy issue (like the purchase price of the Vehicle). Under such circumstances and in accordance with *Harris* and *Kuxhausen* (and numerous district court opinions within the Ninth Circuit), the Court concludes that service of the summons and complaint did not trigger Defendant's 30-day time period for removal. *See, e.g.*, *Agasang v. Jaguar Land Rover North America, LLC*, 2023 WL 8234641, at *2 (C.D. Cal. Nov. 27, 2023) ("Defendant's subjective knowledge about the value of the Vehicle is irrelevant, nor was it required to investigate whether the damages sought exceeded the amount-in-controversy requirement under § 1332."); *Alvarez-Munguia v. Ford Motor Co.*, 2024 WL 69076, at *2 (N.D. Cal. Jan. 5, 2024) (holding that service of the summons and complaint did not trigger the thirty-day removal period where the complaint did not allege the sale price of the vehicle, any other specific measure of damages, or the amount of attorneys' fees and costs incurred); *Alcazar v. Nissan N. Am., Inc.*, 2023 WL 4706167, at *2 (N.D. Cal. July 24, 2023) (rejecting plaintiff's argument that Nissan's "sophistication and knowledge of the motor vehicle industry" should have put it on notice that the amount-in-controversy requirement was met).

Accordingly, because Defendant's thirty-day window was not triggered by service of the summons and complaint, Defendant's notice of removal was timely.

## IV.     CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand is **DENIED**. In addition, Plaintiff's request for an award of attorneys' fees and costs is **DENIED**.

IT IS SO ORDERED.